# Brewer *against* Hayes.

One who brings an action in the name of another is liable for the costs, and the defendant may recover them from him in an action of *assumpsit*, upon proof of an express promise to pay; and it is error in the court to reject the evidence of such promise.

ERROR to the common pleas of *Union* county.

This was an action of *assumpsit* by John Brewer and Matthew Brewer, for the use of Daniel Rengeler against John Hayes. The plaintiffs' statement set out their claim to be "for the amount of a bill of costs which accrued in an action of ejectment, instituted and prosecuted by the defendant for his own use, in the name of Robert Hayes, against the plaintiffs, John and Matthew Brewer, in which a verdict and judgment was rendered for the defendants. And that the said John Hayes on the 21st of March 1825 acknowledged himself to be liable to the plaintiffs in this suit for the payment of the same, and promised to pay them when a bill should be taxed and tendered to him. And that the said bill was taxed, amounting to 192 dollars 7 cents, and tendered, which he refused to pay," &c.

The plaintiffs offered in evidence the record of the ejectment referred to, and offered to follow it with proof of all the facts set out in their statement. To which the defendant's counsel objected; and the court overruled the evidence and sealed a bill of exceptions at the instance of the plaintiffs.

*Bellas*, for the plaintiffs in error, whom the court declined to hear.

*Lashells*, for the defendant in error.

All the evidence offered would not entitle the plaintiffs to recover upon their statement filed. It was therefore the duty of the court to reject it. Why sit to hear evidence, when if a verdict were given upon it the judgment would be arrested?

[Brewer v. Hayes.]

PER CURIAM.—The evidence went directly to prove the cause of action, and ought to have been admitted.

Judgment reversed, and *venire de novo* awarded.